*Law Library*

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

    vs.

JOVI MENDOZA TIAMZON,

             **Defendant.**

          **CRIMINAL CASE NO. CF0133-11**

          **DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on December 6, 2012. Attorney Daniel J. Berman appeared representing Defendant, who was present. Attorney Nicholas B. Barrett appeared on behalf of the Government. Having reviewed the pleadings and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with criminal sexual conduct. Defendant filed a Motion for Bill of Particulars on June 22, 2011. The Government filed a Bill of Particulars on October 24, 2011. Defendant also filed a Motion to Dismiss for Lack of Jurisdiction on November 29, 2011 which was withdrawn as to the jurisdictional issue on January 3, 2012. The Motion to Dismiss remained as to lack of particulars. Defendant also filed a Motion to Suppress on November 29, 2011. The Government filed a Motion for Protective Order on December 2, 2011. The Court resolved all pending motions before Defendant filed his second Motion to Dismiss on November 19, 2012. This Decision and Order will address only Defendant's Motion to Dismiss the Grand Jury Indictment.

## DISCUSSION

### Motion to Dismiss

Defendant argues that the case should be dismissed based on multiple grounds including the claim that the Grand Jury was provided evidence that the Court recently suppressed. The

*People v. Tiamzon,*
Decision and Order
Criminal Case No. CF0133-11        - Page 1 of 5 -

Government failed to file a timely opposition and asked the Court to grant it leave to oppose the motion orally. Defendant objected to such leave being granted. The Court will address the timeliness issue and merits of the motion separately.

Untimely

Defendant argues that there is a history of the Government violating motion practice procedures throughout this case and that severe sanctions would be the only proper remedy. In response, the Government asked that trial dates be set and that this case be moved forward. The Court has reviewed the record and agrees with Defendant. In this case, the Government has not followed procedure in a way that the Court would expect. As a result of the repeat violation of submission deadlines, the Court will consider Defendant's Motion to Dismiss unopposed.[1] Yet, the Court must still review the merits of the case as dismissal is a harsh remedy reserved for truly warranting situations.

Grand Jury Proceedings

The Defendant argues, as to the merits of his motion, that the Government made several errors before the Grand Jury when requesting that an indictment be handed out. First, Defendant argues that the evidence presented to the Grand Jury was not sufficient or competent. Next, Defendant argues that the Grand Jury was not provided the exculpatory evidence that Defendant was a minor at the time of the alleged incidents. Third, Defendant claims that the Police vouched for the Victim. Finally, the Defendant argues dismissal is proper due to the contradictions of the Bill of Particulars with facts provided in discovery.

**Competent Evidence**

Defendant argues that incompetent evidence was provided to the Grand Jury. An indictment must consist of sufficient competent evidence. Title 8 of the Guam Code Annotated § 50.42 provides:

---

[1] The Court urges the Government to pay attention to deadlines as the sanctions imposed upon the Government for repeated violations of motion practice procedures will only become more severe.

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury. (2010).

The Court would like to point out that incompetent evidence could be presented to the Grand Jury as long as sufficient competent evidence is also submitted. Here, there was surely incompetent evidence in that suppressed statements and a confession were referenced before the Grand Jury. The question becomes whether the remaining competent evidence was sufficient to produce a proper indictment?

Here, the Victim did not testify and the Grand Jury Indictment was based on uncontradicted hearsay evidence by police officers. Normally, such evidence is allowable due to the relaxation of evidence rules in Grand Jury proceedings. However, the Court doubts the total collection of evidence submitted to the Grand Jury was sufficient considering the multiple contradictions within the evidence. The Court concludes that dismissal is appropriate on these grounds alone.

**Exculpatory Evidence**

Defendant argues that the Grand Jury was not told that Defendant was 17 years old at the time of the alleged crimes. He requests dismissal as a remedy for the failure to provide exculpatory evidence to the Grand Jury. The Court has already addressed this issue in the previous Decision and Order field April 4, 2012. The Court continues to find that Defendant being a minor does not remove the element of *mens rea* and the Court will not revisit this portion of Defendant's motion.

Defendant also argues on this issue that the failure to instruct the Grand Jury of the circumstances of the Victim's allegations leans toward dismissal. Defendant contends that the Grand Jury should have been made aware that the Victim first made the allegations ten years after the alleged acts occurred in a fit of anger and rage. *See* Defendant's Motion to Dismiss at 5.

The Court does not have a copy of the Grand Jury transcripts and is not sure what

evidence was presented. Yet, the Court does know that a ten year delay before reporting misconduct could be exculpatory and the Grand Jury should have been told this evidence through at least one witness. The added fact that the Victim only reported the alleged incidents to her parents while emotionally compromised could also be viewed as exculpatory. Thus, these pieces of the evidence puzzle should have been given to the Grand Jury before issuance of the indictment.

**Voucher Rule Violation**

Defendant argues that the police violated the Voucher Rule put forth in *People of Guam v. Mendiola*, 2010 Guam 5 when officers testified on behalf of the Victim. The Court does not find that the testimony of police is a violation of the Voucher Rule just because the Victim fails to testify before the Grand Jury. The Defendant does not convince the Court on this point because there is no suggestion that the police actually vouched for the Victim or implied that she is trustworthy. Without more substance to this issue, the Court will not dismiss the case based on a Voucher Rule violation.

**Contradictory Bill of Particulars**

Defendant argues that the Bill of Particulars is improper because it contradicts discovery and contains reference to the suppressed evidence. The Court already addressed the majority of this argument in its April 4, 2012 Decision and Order. To the portion already addressed, the Court finds similarly. As to the new argument presented that the Bill of Particulars references suppressed evidence, the Court considers whether the Bill of Particulars fails. The Court understands that suppression of the confession and other statements is for trial purposes and is to be kept from the Jury. Yet, the Bill of Particulars was filed before the Court decided on the issue of suppression. The Court would invite a new Bill of Particulars to reflect the discovery and remove mention to the suppressed evidence, but there is no need. The Court will dismiss this case based on the merits of Defendant's motion and because the Government has failed to follow proper criminal procedure implicating potential failure to prosecute and speedy trial right issues.

## CONCLUSION

For the foregoing reasons and due to the Government's failure to timely oppose the motion, the Court GRANTS Defendant's Motion to Dismiss without prejudice.

So **ORDERED** this 3rd day of January, 2013.

_____

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM